### WEEMS et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1919.)

No. 5236.

1. CRIMINAL LAW ⊂⊃1036(8)—APPEAL—SUFFICIENCY OF EVIDENCE.
    Failure of witnesses to clearly identify a city mentioned in their testimony *held* waived, where the omission was not called to the attention of the trial court.

2. INTOXICATING LIQUORS ⊂⊃236(1)—PROSECUTION FOR INTRODUCING INTO PROHIBITION STATE—SUFFICIENCY OF EVIDENCE.
    Evidence in a prosecution for introducing liquors into a prohibition state *held* sufficient to justify submission of the case to the jury.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Criminal prosecution by the United States against Frank Weems and Frank Bussey. Judgment of conviction, and defendants bring error. Affirmed.

John M. Goldesberry, of Collinsville, Okl. (Archibald Bonds, of Muskogee, Okl., on the brief), for plaintiffs in error.

C. W. Miller, Sp. Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The defendants, Frank Weems and Frank Bussey, were indicted and convicted for introducing a large quantity of intoxicating liquors into the state of Oklahoma. The evidence tended to show that the parties shipped two trunks from Kansas City to a town in Oklahoma. Special agents opened these trunks at Kansas City, and found that one of them contained two and the other one cask of whisky. These trunks were checked on tickets upon which one or both of the defendants entered the train at the Union Station. The special agent, by inspecting the records in the baggage office, found the number of the tickets for which the checks were issued, and then watched for the passenger or passengers presenting the tickets at the gate and the train. This agent was unable to state whether the trunks were checked on two different tickets, or only one, but clearly identified one of the tickets corresponding to the checks, and then traced the parties into a sleeper at Kansas City. The special agent then phoned to a special agent in Oklahoma, who got on the train one station from the place for which the tickets read. The parties, instead of going

to the station, got off at a water tank about half a mile back. They left the sleeper on the side opposite the station. The officer watched them under the train, and followed them around the rear. By that time they were retreating. He gave pursuit, and as soon as they say they were followed they started to run. They dropped two suit cases which were well loaded with whisky. An overcoat was picked up, bearing the identification marks of Frank Weems, and containing a letter addressed to his wife. The parties escaped, and the defendants were not apprehended for two or three days. The trunks were put off at the station, and one of them contained two casks and the other one cask of whisky. The identification of the parties who got off the train, as the defendants, was not very clear; but there was evidence identifying one of the parties as one of the men who held the tickets and boarded the train at Kansas City. This, and the other circumstances to which we have referred, constitute the evidence upon which the case was submitted to the jury.

[1] There are two matters complained of—one, that the Kansas City referred to by the witnesses is nowhere identified as Kansas City, Mo. The whole testimony, however, shows with reasonable clearness that that was the city which the witnesses had in mind. The train started from there. They constantly referred to the Union Station at Kansas City. It is also true that this question was not raised in any way at the trial. It could easily have been corrected, and we think it was waived by not being specifically called to the attention of the court.

[2] The other assignment of error is based upon a motion at the conclusion of the evidence to return a verdict of not guilty. We think there was sufficient evidence to justify submitting the case to the jury.

The judgment is therefore affirmed.